## Groff v. Commonwealth of Pennsylvania

Before Monroe, Ludwig and Mountenay, JJ.

*Martin Burman*, for Commonwealth.

*Gordon G. Erdenberger*, for Borough of Sellersville.

MONROE, J., January 10, 1973.—In this eminent domain proceeding, Theodore H. Groff, on October

15, 1971, filed his petition for the appointment of viewers, seeking damages for the destruction by the Commonwealth of an easement of right-of-way which he possessed over and across land previously owned by the Borough of Sellersville, which land the Commonwealth had condemned in 1965 and later converted into a portion of a State highway. We appointed a jury of view on October 20, 1971.

On December 6, 1971, the Commonwealth filed with the prothonotary a praecipe for a writ to join as additional defendant the "Sellersville Water Company, Inc." The writ was issued on December 9, 1971. The sheriff's return of service states that the same was served upon the Sellersville Water Company, by handing the same to the borough manager. On February 9, 1972, the Commonwealth filed its complaint* against the additional defendant which it named as "Sellersville Water Commmpany, Inc."

On March 23, 1972, the Borough of Sellersville filed preliminary objections by way of a demurrer to the complaint of the Commonwealth, alleging therein that there is no legal entity such as the Sellersville Water Company, Inc., but that the incorporated Borough of Sellersville provides water collection and distribution services for its citizens, and assumes that the said borough is the additional defendant which the Commonwealth seeks to join. The basis for the demurrer is that the Eminent Domain Code of April 27, 1925, P. L. 310, 26 PS §1, et seq., provides a complete and

---

* The complaint alleges that in the Commonwealth's proceeding for condemnation of the borough's land, December term, 1965, no. 686-U, the borough represented that it was the owner in fee of the land and did not make known the easement in favor of Groff and being unaware of the Groff easement, the Commonwealth settled with the borough whereby the borough is solely liable to Groff.

exclusive procedure in law to govern condemnation of property for public purposes and, therefore, it is improperly joined as an additional defendant, as the code does not authorize the joinder of additional defendants. The demurrer was argued before the court en banc on June 19, 1972, on the theory that it is the Borough of Sellersville which is the additional defendant, although neither party has taken any procedure to amend the caption or pleadings to show that it is the borough and not the Sellersville Water Company.

In Rismiller v. Commonwealth et al., 22 Bucks 221 (1972), a condemnation proceeding, the Commonwealth attempted to join as an additional defendant the Borough of Quakertown by the use of Pennsylvania Rule of Civil Procedure 2252, as it does here. In that case, the Borough of Quakertown filed preliminary objections to the effort to join it as additional defendant. There, we sustained the preliminary objections for two reasons, first, because in our opinion an eminent domain proceeding, at least at the jury of view stage, is not a civil action or proceeding at law or in equity brought in or appealed to a court of record and, therefore, the Pennsylvania Rules of Civil Procedure, and particularly rule 2252, are not applicable at the jury of view stage. The second reason was because the rule-making power of the Supreme Court includes the power to provide general rules to be followed in eminent domain actions; the Eminent Domain Code has provided for and contemplated such action by our Supreme Court and unless and until the Supreme Court promulgates an order making the Pennsylvania Rules of Civil Procedure applicable to eminent domain proceedings, the rules will have no application. Our holding in that case, is, therefore, applicable to the case presently before us.

That the legislature in enacting the code contemplated the promulgation by the Supreme Court of rules of civil procedure with respect to eminent domain proceedings may be found in section 525 of the code and in the comment thereto by the Joint State Government Commission, 1964 Report:

"Section 525. Power of Supreme Court to Promulgate Rules.

"Nothing herein contained shall be interpreted so as to prevent the Supreme Court of Pennsylvania from promulgating rules of civil procedure under provisions of the act of June 21, 1937 (P. L. 1982), . . . with respect to matters of procedure set forth in this act.

"Comment: The procedural provisions of Article V, which preferably should be governed by rules rather than by statute, are included so that there will be no possible hiatus in practice and procedure between the effective date of this act and the promulgation of Rules of Civil Procedure which it is contemplated will be promptly promulgated by the Supreme Court and the procedural provisions of this act suspended."

It is also obvious that the borough's position is correct in its statement that the code provides a complete and exclusive procedure in law to govern all condemnation of property, until its provisions are enlarged or suspended by rules of procedure adopted by the Supreme Court. Section 303 of the Eminent Domain Code provides:

"It is intended by this act to provide a complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages therefor, except as provided in Section 901 . . ."

For the foregoing reasons, we enter the following

## ORDER

And now, January 10, 1973, the preliminary objections of the Borough of Sellersville are sustained; the Commonwealth's writ and complaint to join the said borough as an additional defendant are dismissed and the Borough of Sellersville is hereby stricken as an additional defendant.